LILLIAN FOLEY, Respondent, v. JOHN VINCENT FOLEY, Appellant.— The order entered on the reargument, denying the motion to reduce, is reversed on the law and the facts and the motion granted to this extent: The amount of alimony payable by the defendant, fixed by the judgment entered January 18, 1917, at twenty-five dollars a week, is reduced to ten dollars a week for a period of six months from the date of the order entered herein on condition that the defendant continue to pay ten dollars a week on the amount in arrears as provided in the Pennsylvania garnishee execution and shall promptly pay each week the additional sum of ten dollars costs as fixed by the order to be entered, and also pay to respondent ten dollars costs and disbursements on this appeal. If such conditions are performed the defendant has leave to apply at the end of six months to continue such reduction. If the defendant fails in performance, the order reducing the alimony will be vacated on proof by the affidavit of plaintiff, without notice, that the defendant has failed to obey the conditions herein contained. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

GEORGIANA GAOUETTE, Respondent, v. IRVING EIDUSON, Appellant. JOSEPH A. GAOUETTE, Respondent, v. IRVING EIDUSON, Appellant.—Actions in negligence to recover damages for personal injuries and for loss of services arising out of an automobile collision. The actions were tried together. Order denying defendant's motion for a resettlement of the proposed case on appeal, and order denying his motion to amend the minutes and proposed case on appeal affirmed, without costs. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

RICHARD GRANBERG, an Infant, by JOHN GRANBERG, His Guardian ad Litem, and JOHN GRANBERG, Respondents, v. JOHN WEINER, Appellant.—Action to recover damages for personal injuries. Order granting defendant's motion to dismiss the action for lack of prosecution unless the cause be noticed for the May term and tried when reached modified by requiring the payment of ten dollars costs by plaintiffs, and as so modified affirmed, without costs. The only excuse offered for plaintiffs' attorney's alleged failure to comply with rule 156 of the Rules of Civil Practice is that his clerk, through inadvertence, failed to file the note of issue. Therefore, we believe that costs should have been imposed as an additional condition. Lazansky, P. J., Hagarty, Carswell and Johnston, JJ., concur; Davis, J., dissents and votes to affirm.